IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Donald E. SWETZ, attorney at law.

Supreme Court

*No. 80–359–D. Filed July 6, 1981.*
(Also reported in 307 N.W.2d 654.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

On February 21, 1980, the Board of Attorneys Professional Responsibility filed a complaint alleging two counts of unprofessional conduct against Donald E. Swetz, an attorney licensed to practice law in Wisconsin in February of 1958, and who maintains his practice in Kaukauna. In the first count it is alleged that the

[9] *St. Regis Paper Co. v. United States*, 368 U.S. 208, 229 (1961).

respondent was retained in July of 1975, by a client concerning a property line dispute with a neighbor. In December of 1975, the client was served with a complaint, which he brought to the respondent, who indicated that he would do what was necessary to defend the client in the suit. The respondent subsequently served a notice of retainer on the plaintiff's attorneys and obtained an extension of time in which to answer the complaint. On February 9, 1976, the respondent was served with a notice of application for default judgment in the matter, specifying a hearing date on the application. The respondent again sought an extension of time to answer the complaint, but the plaintiff's attorneys refused. The respondent neither attended the hearing on the application for default judgment, nor did he contact the presiding judge requesting a continuance or postponement. The motion for default judgment was subsequently granted.

Subsequent to service of notice of entry of the default judgment, the client contacted the respondent, inquiring as to the status of the matter. At that time the respondent told the client that she need not worry about it and that he would take care of the matter. The client then retained new counsel, who filed a motion for relief from the default judgment. The motion was denied. The Board's complaint in this disciplinary proceeding alleges that the respondent's conduct in his representation of the client constituted gross neglect of a legal matter entrusted to him, in violation of SCR 20.32(3).

In the second count the complaint alleges that the respondent failed to respond to written inquiries from the district professional responsibility committee during its investigation of the alleged misconduct. It is alleged that this failure to cooperate with the investigation constituted a violation of SCR 22.07.

The court referred the matter to the Hon. James A. Martineau as referee pursuant to SCR 21.09. On Febru-

ary 25, 1981, the day of the scheduled hearing before the referee in the matter, the parties entered into a stipulation in which the basic allegations contained in the complaint were admitted. The parties stated in the stipulation that the client had initiated a civil court action against the respondent seeking damages arising from his representation of her in the property line dispute and that they agreed to leave to the disposition of the circuit court the question of whether the respondent was liable to the client for damages arising out of his representation of her. The parties also stipulated that the respondent would pay all costs of the disciplinary proceeding.

The referee filed his report and recommendation with the court on June 23, 1981, in which he made findings of fact and conclusions of law consistent with the provisions of the stipulation. The referee found that the civil action against the respondent had been settled for $20,000 and that this sum had been paid by the respondent. The referee thus found that the client had been made whole and had not sustained pecuniary damages as a result of the respondent's misconduct. The referee concluded that his representation constituted gross neglect of a legal matter entrusted to him, in violation of SCR 20.32(3), and that his failure to respond to the written inquiries of the professional responsibility committee constituted a violation of SCR 22.07. The referee recommended that the respondent be publicly reprimanded and that he be assessed the costs of this proceeding, including attorney fees. We hereby adopt the findings, conclusions and recommendation of the referee.

It is ordered that Donald E. Swetz is publicly reprimanded for unprofessional conduct.

It is further ordered that Donald E. Swetz pay the costs of this proceeding, including attorney fees, in the amount of $1,631.94 to the Board of Attorneys Profes-

sional Responsibility within 60 days of the date of this order, provided that if the costs are not paid within the time specified, the license of Donald E. Swetz to practice law in Wisconsin shall be forthwith suspended.