IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Donald E. SWETZ, Attorney at Law.

Supreme Court

*No. 81–1385–D. Filed January 12, 1982.*
(Also reported in 314 N.W.2d 318.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

On July 20, 1981, the Board of Attorneys Professional Responsibility filed with the court a complaint alleging that Donald E. Swetz, an attorney licensed to practice law in Wisconsin since 1958, and who resides and maintains his practice in Kaukauna, was guilty of unprofessional conduct by failing to timely complete the probate of an estate. The complaint alleged that in 1975 the respondent was retained by a client to probate the estate of his deceased wife. The respondent was to obtain and file a termination of joint tenancy and release of Wisconsin inheritance tax lien for property the client was in the process of selling. The contract of sale required final payment of interest and principal on July 21, 1977, and that payment was timely made. Thereafter, the buyer subdivided and attempted to sell the land in 1979, at which time it was discovered that prospective buyers objected on the ground that the probate of the former owner's estate had not been completed and that the termination and release had not been filed. One of the

owners who had purchased the land from the client brought this to the respondent's attention on numerous occasions over a period of one and one-half years, and he was consistently told by the respondent that the work would be completed immediately. The termination of joint tenancy was completed in August of 1980 by another attorney, but no release of inheritance tax lien had been filed. A second count of unprofessional conduct contained in the complaint alleged that the respondent failed to answer two requests from the Board to respond to the grievance.

The court referred the matter to the Hon. James Martineau as referee, pursuant to SCR 21.09(4) (1980). By the time of the scheduling conference held in the matter before the referee, the respondent had not filed an answer to the complaint, and the referee gave him until September 1, 1981 to do so. The respondent did not file an answer within that time, but he served an answer on the referee and on the Board at the hearing on October 2, 1981. In his answer the respondent admitted to the facts underlying the complaint and alleged, by way of mitigation, that the matter was complicated because the property was unplatted land, which was subsequently platted and sold as individual lots. He also stated that the property was thought to have been released by releases previously obtained from the Wisconsin Department of Revenue. As to the allegation that he failed to respond to Board inquiries, the respondent stated that during the time in question serious illness prevented him from attending to the matter.

The referee filed his report with the court on November 20, 1981, in which he made findings of fact consistent with the allegations contained in the complaint. He concluded that the respondent's conduct constitutes gross neglect of a legal matter, in violation of SCR 20.32(3), and that his failure to respond to the written

inquiries of the Board and in failing to timely respond to requests for an answer to the complaint constitute a failure to cooperate with the Board investigation, in violation of SCR 22.07. In his report the referee noted that during the hearing it became a matter of record that a complaint had been made against the respondent on October 29, 1974, which resulted in the issuance of a private letter of admonition to him. Also, a complaint was made against him on October 17, 1977, which resulted in the issuance of a private reprimand to the respondent, and a third complaint against him resulted in a public reprimand being issued by this court on July 6, 1981. *Disciplinary Proceedings Against Swetz,* 103 Wis. 2d 301, 307 N.W.2d 654 (1981).

The referee recommends that the respondent's license to practice law in Wisconsin be suspended for 60 days and that he be required to pay the costs of this disciplinary proceeding. We hereby adopt the findings and recommendation of the referee.

It is ordered that the license of Donald E. Swetz to practice law in Wisconsin is suspended for a period of 60 days, commencing February 1, 1982.

It is further ordered that Donald E. Swetz pay to the Board of Attorneys Professional Responsibility the costs of the disciplinary proceeding in the amount of $692.18 within 60 days of the date of this order.