In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Donald E. SWETZ, Attorney at Law.

Supreme Court

*No. 84–1432–D. Filed March 5, 1985.*
(Also reported in 363 N.W.2d 439.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked.*

The referee recommended that the license of Attorney Donald E. Swetz to practice law in Wisconsin be revoked and that he be ordered to pay the costs of this disciplinary proceeding for a "gross and continuing pattern of neglect" of legal matters and his repeated failures to carry out contracts of employment with various clients, his failure to return client property and to pay money due for fees and taxes in estates in which he acted as attorney, and his repeated and continued failure to respond to requests for information from the Board of Attorneys Professional Responsibility (Board) investigating grievances made against him. We accept the referee's recommendation and revoke Attorney Swetz's license to practice law.

Attorney Swetz was admitted to practice law in Wisconsin in 1958 and practices in Kaukauna. He has twice been privately admonished by the Board, once in 1974

and again in 1977, both for neglect of legal matters. He was publicly reprimanded by the court in 1981 for neglect of legal matters, *Disciplinary Proceedings Against Swetz*, 103 Wis. 2d 301, 307 N.W.2d 654 (1981), and his license was suspended for 60 days in 1982 as a result of neglect of legal matters, *Disciplinary Proceedings Against Swetz*, 105 Wis. 2d 500, 314 N.W.2d 318 (1982).

The referee, the Honorable James A. Martineau, Reserve Judge, made findings of fact based on the Board's 32-count complaint alleging unprofessional conduct, allegations which Attorney Swetz admitted he could not contest. From 1965 to 1983, Attorney Swetz neglected legal matters concerning probate and estate work, including repeated failures to close estates and to respond to the Wisconsin Department of Revenue as to the completion and filing of inheritance tax returns. In several of those estates, Attorney Swetz was removed by the court as a result of his failure to work on or complete the estates. His neglect resulted in fines and penalties being assessed against some of the estates and their administrators, and he paid those fines and penalties out of his own funds. In addition, Attorney Swetz has been successfully sued for having fraudulently concealed his failure to timely file inheritance tax returns for an estate and his failure to pay the tax.

The referee concluded that Attorney Swetz's neglect of legal matters and repeated failures to carry out contracts of employment with his clients violated SCR 20.04 (1) and (4), that his failure to promptly return records and materials to clients upon demand and to pay fees and taxes due in several estates caused prejudice and damage to his clients, thereby violating SCR 20.04(1) and (4), and that his failure to respond to Board inquiries concerning these matters violated SCR 21.03.

We accept the referee's findings of fact and conclusions of law, and we agree that the revocation of At-

torney Swetz's license to practice law is appropriate discipline for his misconduct.

IT IS ORDERED that the license of Donald E. Swetz to practice law in Wisconsin is revoked, effective the date of service of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Donald E. Swetz pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $1,327.64.

IT IS FURTHER ORDERED that Donald E. Swetz comply with the provisions of SCR 22.26 concerning the requirements of a person whose license to practice law in Wisconsin has been revoked.